THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
SANDY N. LEAL (Cal. State Bar No.: 207179)
Assistant United States Attorney
Domestic Security & Immigration Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8649
     Facsimile: (213) 894-0141
     E-mail: Sandy.Leal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 08-458(A)-GAF |
|---|---|
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT ROLLETA EBROLE RIAZON |
| v. | ) |
| EVELYN PELAYO, RODOLFO EBROLE DEMAFELIZ, JR., aka "Duden," ROLLETA EBROLE RIAZON, and DARWIN PADOLINA, | ) |
| Defendants. | ) |

1.  This constitutes the plea agreement between ROLLETA EBROLE RIAZON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//

## PLEA

2. Defendant agrees to plead guilty to count one of the first superseding indictment in <u>United States v. Evelyn Pelayo, et al.</u>, CR No. 08-458(A)-GAF.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), the following must be true: (1) beginning on an unknown date and ending on or about April 3, 2008, there was an agreement between two or more persons to commit the crime of encouraging and inducing one or more aliens to come to, enter, and reside in the United States in violation of law; and (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the first superseding indictment.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any

supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 10 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing to on or about April 3, 2008, defendant ROLLETA EBROLE RIAZON agreed and conspired with co-defendant Rodolfo Ebrole Demafeliz, Jr.

3

("Demafeliz"), and others, to encourage and induce one or more aliens to come to, enter, and reside in the United States in violation of law.

In order to effect the object of the conspiracy, defendant performed various duties in order to assist aliens entering the United States with fraudulently obtained visas issued for the purpose of attending martial arts competitions. Specifically, defendant trained aliens A.G. and J.D. in the martial art of Taekwondo for approximately one to three months. Thereafter, defendant assisted aliens A.G. and J.D. with fraudulently obtaining United States visas for the purpose of attending martial arts competitions. Defendant knew that, in furtherance of the conspiracy, co-defendant Demafeliz brought aliens A.G. and J.D. from the Philippines to the United States utilizing the fraudulently obtained visas.

On April 3, 2008, defendant admitted to a Federal Bureau of Investigation Special Agent the following: (1) that defendant and co-defendant Demafeliz issued aliens A.G. and J.D. false Taekwondo training certificates, provided them with lists of questions that the consular official would ask the aliens during the visa application interview, and provided them with answers in order to ensure issuance of a visa for the purported purpose of attending martial arts competitions in the United States; (2) that defendant knew that the primary purpose of the aliens' travel to the United States was not to attend martial arts competitions; and (3) that defendant was acting in response to co-defendant Demafeliz's instructions when defendant trained aliens A.G. and J.D. in Taekwondo and prepared them for their

4

interviews with embassy officials.

## WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite her plea of guilty, she retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been

5

filed or could be filed.

### SENTENCING FACTORS

10. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | +12 | U.S.S.G. § 2L1.1(a)(3) |
| Acceptance of Responsibility | : | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level | : | 10 | |

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraph 15) are met. Subject to paragraph 14, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed. If, however, after signing this agreement but prior to sentencing,

defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

12. There is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

14. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

15. Defendant agrees that she will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear for

all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

16.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) To recommend that defendant be sentenced to a term of imprisonment of time-served followed by a three-year period of supervised release.

    c) Not to oppose defendant's request, if made, for the preparation of an expedited Presentence Report in this case.

## BREACH OF AGREEMENT

17.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the

USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

18. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution.

   b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of or action against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence

1 derived from any statements should be suppressed or are
2 inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

19. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 10, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of probation/supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 10, and the applicable criminal history category as determined by the Court.

## COURT NOT A PARTY

21. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the

parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

22.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//


## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

*/s/ Sandy N. Leal*                              Date: 9/21/2008

SANDY N. LEAL
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. This agreement has been read to me in Tagalog, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in

//
//
//

this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____           SEPTEMBER 19, 2008
ROLLETA EBROLE RIAZON                     Date
Defendant

I, CARLOS M TEVES, JR., am fluent in written and spoken English and Tagalog languages. I accurately translated this entire agreement from English into Tagalog to defendant ROLLETA EBROLE RIAZON on this date.

_____           9-19-08
Interpreter                               Date

I am ROLLETA EBROLE RIAZON's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____           9/19/08
GEORGE STEELE                             Date
Counsel for Defendant
Rolleta Ebrole Riazon